**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

SHAMIKA JOHNSON, and
JOHNNY GEORGES DORVIL,

     Plaintiffs,

 v.

CAPS PLANTATION LLC D/B/A
CAPRIOTTI'S SANDWICH SHOP,
CAPS NOBE LLC D/B/A
CAPRIOTTI'S SANDWICH SHOP,
CLAUDIA ROCA,
MARCO ANTONIO ROCA, and
MARCO ANTONIO ROCA, JR.,

     Defendants.

_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiffs SHAMIKA JOHNSON ("Johnson") and JOHNNY GEORGES DORVIL

("Georges Dorvil") bring this action against Defendants CAPS PLANTATION LLC D/B/A

CAPRIOTTI'S SANDWICH SHOP ("CP"), CAPS NOBE LLC D/B/A CAPRIOTTI'S

SANDWICH SHOP ("CNMB"), CLAUDIA ROCA ("Claudia"), MARCO ANTONIO ROCA

("Marco I"), MARCO ANTONIO ROCA, and JR. ("Marco II") and allege as follows:

1.    This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219

("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.    At all times material hereto, Plaintiffs were residents of Florida and "employees" of

Defendants as defined by the FLSA.

1

3.     At all times material hereto, CP was a Florida corporation that regularly transacted business in Broward County, Florida.

4.     At all times material hereto, CNMB was a Florida corporation that regularly transacted business in Broward County, Florida.

5.     Upon information and belief, CP's gross sales or business generated was over $500,000 per year at all times material hereto.

6.     CP has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

7.     CP was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8.     Upon information and belief, CNMB's gross sales or business generated was over $500,000 per year at all times material hereto.

9.     CNMB has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

10.     CNMB was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11.     CP and CNMB are a single enterprise under the FLSA, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

12. CP and CNMB were joint employers of Plaintiffs under the FLSA, shared Plaintiffs' services, had Plaintiffs acting in the interest of each business, and shared common control of Plaintiffs.

13. Claudia is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of CP, ran the day-to-day operations, had operational control over CP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

14. Claudia is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of CNMB, ran the day-to-day operations, had operational control over CNMB, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

15. Marco I is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of CP, ran the day-to-day operations, had operational control over CP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

16. Marco I is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of CNMB, ran the day-to-day operations, had operational control over CNMB, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

17. Marco II is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of CP, ran the day-to-day operations, had operational control over CP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

18. Marco II is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of CNMB, ran the day-to-day operations, had operational control over CNMB, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiffs.

19. CP operates a business engaged in restaurant operations.

20. CNMB operates a business engaged in restaurant operations.

21. Johnson worked for Defendants as a manager.

22. Georges Dorvil worked for Defendants as a food preparer.

23. Defendants failed to pay Johnson's full and proper minimum wages.

24. Defendants failed to pay Georges Dorvil's full and proper minimum wages.

25. Defendants failed to pay Johnson's full and proper overtime wages.

26. Defendants knowingly and willfully refused to pay Plaintiffs' legally-entitled wages.

27. Attached as **Exhibit A** is a preliminary calculation of Johnson's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

28. Attached as **Exhibit B** is a preliminary calculation of Georges Dorvil's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiffs engage in the discovery process.

29. Plaintiffs retained the services of the undersigned and are obligated to pay for the legal services provided.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## AGAINST ALL DEFENDANTS

30. Plaintiffs reallege and incorporate the allegations set forth in paragraphs 1-29 above as if set forth herein in full.

31. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), (i) both Plaintiffs are entitled to unpaid minimum wages, (ii) Johnson is entitled to time-and-a-half overtime pay, and (iii) both Plaintiffs are entitled to liquidated damages.

32. Plaintiffs seek recovery of damages as referenced above and further seek interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel: (786) 924-9929
Fax: (786) 358-6071
Email: dc@kozlawfirm.com

Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382